**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| IFPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-00913-CV-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| ONEBEACON INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant OneBeacon Insurance Company's ("OneBeacon")

Motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement.

Doc. 6. The Court has reviewed this Motion in conjunction with Defendant's Suggestions in

Support, Plaintiff IFPS Corporation's ("IFPS") Suggestions in Opposition, and Defendant's

Reply. Docs. 7, 9-10. For the reasons discussed below, Defendant's Motion is DENIED.

**Background**

The Court states the facts as Plaintiff alleges them, with the understanding that Defendant

has not yet answered and may deny Plaintiff's entire version of the facts. Plaintiff is a company

providing financing for insurance premiums. Defendant is an insurance company based in

Massachusetts and incorporated in Pennsylvania. Smith, Gatta, Gelok ("SGG") is an authorized

agent of Defendant operating a retail insurance agency. In October 2009, SGG contacted

Plaintiff about obtaining premium financing for a potential insured, Commvault Systems, Inc.

Plaintiff verified SGG's relationship with Defendant, noted by the "Policy Verification Form"

attached to its petition. Doc. 1-2 at 15-16. Plaintiff then paid SGG the full premium in excess of

$400,000. Doc. 1-2 at 9. After making payment, Plaintiff provided Notices of Financed

Premium to Commvault, SGG and Defendant. Doc. 1-2 at 18-22. By executing its copy of the Notice of Financed Premium, Defendant was aware that SGG had received the premium check. However, Defendant failed to notify Plaintiff when SGG did not forward the funds. *Id.* at 9-10. Plaintiff had the right to cancel coverage in certain situations, which it exercised after Commvault failed to make the required payments. Doc. 9 at 2. Since Plaintiff provided the full premium amount at the outset, it now seeks "the return of unearned…premiums from [Defendant]..." *Id.* Defendant has refused Plaintiff's requests for repayment. *Id.* On August 12, 2010, Plaintiff filed suit against Defendant in the Circuit Court of Jackson County, Missouri. Doc. 1-2 at 7-13. Plaintiff alleged three counts: conversion, negligent misrepresentation and "money had and received." On September 17, 2010, Defendant removed the case on the basis of diversity of citizenship. Doc. 1.

## Standard

Defendant seeks dismissal of this case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, an order for a more definite statement pursuant to Rule 12(e). Though federal pleading standards remain a notice pleading system, recent Supreme Court rulings have significantly changed the requirements for surviving a 12(b)(6) motion. In order to do so "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). The Court must accept factual allegations as true, but legal conclusions, such as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to an assumption of truth. *Iqbal,* 129 S. Ct. at 1949. Next, the district court must consider whether the plaintiff has

stated a "plausible claim for relief" based on a "context-specific" inquiry and "draw[ing] on its judicial experience and common sense." *Id.* at 1950.

An order for a more definite statement is appropriate when a responsive pleading is required but the original pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite standard must be viewed through the lens of the responsive pleading, and should be "granted only when a party is unable to determine the issues requiring a response." *Peterson v. Brownlee,* 314 F. Supp. 2d 1150, 1156 (D. Kan. 2004).

## Discussion

Defendant's initial Memorandum focuses on narrower arguments specific to each count, whereas its Reply deals primarily with broader questions of agency and apparent authority in a premium financing situation.

### A. Conversion

In Missouri, conversion is a tort consisting of "the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Columbia Mut. Ins. Co. v. Long,* 258 S.W.3d 469, 476 (Mo. Ct. App. 2008) (quoting *Maples v. United Sav. & Loan Ass'n,* 686 S.W.2d 525, 527 (Mo. Ct. App. 1985)). Defendant claims that Plaintiff has failed to state a claim both because it does not allege that Defendant actually took possession of the money and because conversion deals only with specific chattels, not money. As to the latter issue, Missouri courts are clear that conversion is generally not a proper theory for recovery of money. *See, e.g., Johnson v. GMAC Mort. Corp.,* 162 S.W.3d 110, 125 (Mo. Ct. App. 2005). However, this rule is subject to a "narrow exception" for cases in which the plaintiff "delivers funds to the defendant for a specific purpose only to have the defendant divert those

funds to another and different purpose of the defendant." *Id.* That would certainly seem to be the case here, as Plaintiff has alleged that SGG, as an agent of Defendant, accepted money intended to be sent to Defendant for a premium but "failed to forward the funds…" Doc. 1-2 at 10. Regarding the former issue, Plaintiff claims that SGG was listed on Defendant's website as an "insurance agent for and on behalf of [Defendant.] In addition, SGG's website identifies [Defendant] as one it is carriers for insureds to seek insurance." Doc. 1-2 at 8. Under Missouri agency law, apparent authority can obligate a principal for the acts of its agents. *See Premium Fin. Specialists, Inc. v. Hullin,* 90 S.W.3d 110, 113 (Mo. Ct. App. 2002) (describing the extent of apparent authority). However, Defendant argues that SGG cannot be its agent because, under Missouri law, a premium finance agreement is between the prospective insured and the finance company. Mo. Rev. Stat. § 364.100(3). While the petition states that SGG was acting on Commvault's behalf, it also repeatedly asserts an agency relationship between Defendant and SGG—one that was allegedly confirmed by Defendant's employees. Doc. 1-2 at 9. Defendant's arguments concerning the precise scope of the agency ask the Court to make an ultimate ruling about the scope of SGG's agency and the reasonableness of Plaintiff's reliance on apparent authority on a nonexistent factual record. Such a ruling would be premature. Plaintiff has alleged an agency relationship between Defendant and SGG which can make Defendant liable for SGG's actions in certain situations. Plaintiff has further stated a valid conversion claim under the *Johnson* exception to the specific chattel rule. Defendant's Motion to dismiss the conversion claim is DENIED.

### B. Negligent Misrepresentation

To state a claim for negligent misrepresentation in Missouri, a plaintiff must show "(1) the speaker supplied information in the course of his business; (2) because of the speaker's

failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.,* 322 S.W.3d 112, 134 (Mo. 2010). Plaintiff claims that the statements of Defendant's employee, "Carol Ann," constitute negligent misrepresentation by "negligently or recklessly disregarding that SGG would fail to advance the premiums paid by [Plaintiff] to [Defendant] or that [Defendant] would accept payment from other sources for the policies of insurance for Commvault, notwithstanding [Defendant's] instruction to [Plaintiff] to fund the premiums to SGG." Doc. 1-2 at 11. Defendant argues that Plaintiff has failed to state a claim both because this was allegedly an omission rather than an affirmative statement and because it deals with future intent. *See City of St. Joseph, Mo. v. Sw. Bell Tel., L.P.,* No. 03-CV-6150-SOW, 2005 WL 6125133, at *13 (W.D. Mo. Jan. 7, 2005) (noting that a certain statement did "not support a claim for negligent misrepresentation because it goes to the speaker's future intent"). Plaintiff notes that there is an exception to this general rule for "matters within the speaker's control." *Ryann Spencer Group, Inc. v. Assurance Co. of America,* 275 S.W.3d 284, 291 (Mo. Ct. App. 2008). This brings the negligent misrepresentation claim back to the issue of whether SGG's actions were within Defendant's control. For the reasons discussed in Subsection A, the Court cannot decide this issue on legal arguments alone. *See United Missouri Bank, N.A. v. Beard,* 877 S.W.2d 237, 244 (Mo. Ct. App. 1994) (noting that the scope of an agent's authority is generally a question of fact). Defendant's Motion to dismiss the negligent misrepresentation claim is DENIED.

### C. Money Had and Received

"Money had and received" is an equitable remedy in the nature of restitution. *Pitman v. City of Columbia,* 309 S.W.3d 395, 402 (Mo. Ct. App. 2010). In order succeed on such a claim, a plaintiff must show "(1) the defendant received or obtained possession of the plaintiff's money; (2) the defendant thereby appreciated a benefit; and (3) the defendant's acceptance and retention of the money was unjust." *Id.,* (citing *Ward v. Luck,* 242 S.W.3d 473, 476 (Mo. Ct. App. 2008)). There does not seem to be any dispute that Defendant never actually received the money at issue. But apparent authority could still obligate Defendant for SGG's actions in certain situations. Defendant's Motion to dismiss this claim is DENIED.

### D. Motion For A More Definite Statement

As previously discussed, an order for a more definite statement is appropriate only when a party cannot reasonably be expected to respond to a pleading on account of vagueness. While Defendant may not have the necessary information to respond to every factual allegation, the Court finds no portion of the petition so unintelligible as to require an order under Rule 12(e). Defendant's Motion for a more definite statement is DENIED.

### Conclusion

Plaintiff has pled that Defendant's agent committed acts which could constitute conversion and that Defendant's employee made statements about those actions which could constitute a negligent misrepresentation. The existence and scope of an agency relationship and the reasonableness of Plaintiff's reliance on apparent authority are questions of fact. While Defendant argues that Missouri law makes SGG an agent of Commvault in the premium financing situation—which Plaintiff does not deny—Defendant does not show why this precludes SGG from also being its agent. Whether the equitable remedy of money had and

received is available also turns on the agency issue.  Finally, Plaintiff's petition is sufficiently clear.  Accordingly, Defendant's Motion to dismiss or, in the alternative, for a more definite statement is DENIED.

**IT IS SO ORDERED**

Dated: December 15, 2010          /s/ Greg Kays
                                         GREG KAYS
                                         UNITED STATES DISTRICT JUDGE